E-FILED
Tuesday, 17 November, 2009 12:53:44 PM
Clerk, U.S. District Court, ILCD

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| AMMERON DAWSON, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 09-3218 |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## OPINION

JEANNE E. SCOTT, U.S. District Judge:

This matter is before the Court on Petitioner Ammeron Dawson's Motion to Vacate, Set Aside, or Correct Sentence Under 28 U.S.C. § 2255 (d/e 1) (Petition). On April 1, 2008, this Court accepted Dawson's open plea of guilty to distributing cocaine base (crack) in violation of 21 U.S.C. § 841 (a)(1) & (b)(1)(C). On August 11, 2008, the Court sentenced Dawson to 130 months imprisonment. United States v. Dawson, C. D. Ill. Case No. 08-30010, Minute Entry, dated August 11, 2008. Dawson now seeks habeas relief pursuant to 28 U.S.C. § 2255. For the reasons set forth below, the Government's request to dismiss Dawson's Petition as untimely is denied. The Court finds that an evidentiary hearing should be held to

1

determine whether Dawson was deprived the effective assistance of counsel relating to the filing of a notice of appeal. Dawson's remaining claims lack merit and are dismissed.

BACKGROUND

Dawson pleaded guilty to distributing cocaine base (crack) in violation of 21 U.S.C. §§ 841 (a)(1) & (b)(1)(C). Prior to the change of plea hearing, the Government filed a Notice of Prior Conviction, pursuant to 21 U.S.C. § 851. United States v. Dawson, 08-30010, Notice of Prior Conviction (d/e 8). Thus, Dawson faced a statutory maximum sentence of thirty years imprisonment pursuant to 21 U.S.C. § 841(b)(1)(C).

Dawson's Indictment did not specify how much cocaine base (crack) he allegedly distributed. United States v. Dawson, 08-30010, Indictment (d/e 5). The Pre-Sentence Report (PSR) recommended that Dawson be held accountable for a total of 120.57 grams of cocaine base (crack), based on statements made to law enforcement officials by Jermaine Countryman. United States v. Dawson, 08-30010, PSR (d/e 18), ¶ 19. Defendant did not object to the PSR, and the Court adopted its findings. United States v. Dawson, 08-30010, Minute Entry, dated August 11, 2008. As previously noted, the Court sentenced Dawson to 130 months imprisonment. Id.

Judgment was entered on August 12, 2008. United States v. Dawson, 08-30010, Judgment (d/e 15). No notice of appeal was filed. In August 2009, Dawson filed the pending Petition.

## ANALYSIS

The Government asserts that Dawson's Petition is untimely. Under 28 U.S.C. § 2255(f), a one-year statute of limitations applies to petitions for § 2255 habeas relief. A petitioner must file his petition within one year of:

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f). The latest of these dates governs.

Because no notice of appeal was filed, Dawson's one-year habeas period began to run after the ten-day period for filing a direct appeal had

expired. See Burt v. United States, 2009 WL 3245387, *1 (E.D. Wis. October 7, 2009); Fed. R. App. P. 4(b) (West 2008). In computing the ten-day period, applicable federal rules require the exclusion of intermediate Saturdays and Sundays. Fed. R. App. P. 26(a) (West 2008). Although Dawson's Petition was not docketed until August 27, 2009, it is deemed filed on the date he delivered it to prison authorities for forwarding to this Court. See Jones v. Bertrand, 171 F.3d 499, 502 (7th Cir. 1999). Dawson's instant Petition contains a sworn certificate of service indicating that Dawson delivered it to prison authorities on August 20, 2009. Petition, p. 9. The Government does not challenge the date on the certificate of service and has presented no evidence to contradict it. Therefore, the only evidence in the record indicates that Dawson's Petition was timely under 28 U.S.C. § 2255(f)(1), and the Court deems it such. The Government's request to dismiss the Petition as untimely is denied, and the Court turns to the merits of Dawson's claims.

Under 28 U.S.C. § 2255(a):

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the

4

> sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

"The court should grant an evidentiary hearing on a § 2255 motion when the petitioner alleges facts that, if proven, would entitle him to relief." Sandoval v. United States, 574 F.3d 847, 850 (7th Cir. 2009) (internal quotations and citations omitted); see also 28 U.S.C. § 2255(b). However, in order to qualify for a hearing, Dawson must make specific, detailed allegations; conclusory statements are insufficient. See Daniels v. United States, 54 F.3d 290, 293-94 (7th Cir. 1995).

Dawson asserts that: (1) the Court lacked jurisdiction over his criminal case based on the fact that it involved only .4 gram of cocaine base; (2) his Constitutional rights were violated when he was held accountable for 120.57 grams of cocaine base at sentencing; and (3) he received ineffective assistance of counsel when trial counsel failed to file a notice of appeal despite being instructed to do so.

Dawson's first two claims clearly fail. There is no minimum amount requirement to establish a violation of 21 U.S.C. §§ 841 (a)(1) & (b)(1)(C), dooming Dawson's jurisdictional argument. Additionally, while the Supreme Court, in Apprendi v. New Jersey, held that any fact that increases

the statutory maximum sentence must be proven to a jury beyond a reasonable doubt or admitted by the defendant, the Seventh Circuit has expressly noted that "when a judge imposes a sentence below the statutory maximum, he may do so based on facts found by a preponderance of the evidence." United States v. Abdulahi, 523 F.3d 757, 760 (7th Cir. 2008); Apprendi, 530 U.S. 466, 490 (2000). Here, Dawson was sentenced below the statutory maximum, and "Apprendi has no application to cases where the sentence is below the statutory maximum." United States v. Gilmer, 534 F.3d 696, 704 (7th Cir. 2008).

However, the Court finds that, with respect to Claim 3, Dawson has alleged sufficiently detailed facts that, if proven, would entitle him to relief. As the Government recognizes, in the Seventh Circuit, the failure to take an appeal despite a defendant's request is per se ineffective assistance. See Kafo v. United States, 467 F.3d 1063, 1066 n. 7 (7th Cir. 2006). Dawson has submitted sworn statements indicating that, after the Court informed him of his appeal rights at the conclusion of his sentencing hearing, he instructed trial counsel to file a notice of appeal. No notice of appeal was filed. Thus, the Court finds that Dawson is entitled to an evidentiary hearing on this issue.

THEREFORE, the Court directs that an evidentiary hearing be held for the limited purpose of addressing whether Dawson was deprived the effective assistance of counsel relating to the filing of a notice of appeal. All other claims are dismissed. The evidentiary hearing is set for 9:00 a.m. on December 22, 2009, and the Government is directed to take all steps necessary to secure Dawson's presence at the hearing. The Court has previously determined that Dawson qualifies for appointed counsel pursuant to 18 U.S.C. § 3006A. See United States v. Dawson, 08-30010, Minute Entry, dated January 8, 2008. Babette Salus is hereby appointed to represent Dawson in this matter pursuant to Rule 8 of the Rules Governing § 2255 Proceedings.

IT IS THEREFORE SO ORDERED.

ENTER: November 17, 2009

FOR THE COURT:

s/ Jeanne E. Scott
JEANNE E. SCOTT
UNITED STATES DISTRICT JUDGE