E-FILED
Wednesday, 03 February, 2010 09:06:03 AM
Clerk, U.S. District Court, ILCD

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| AMMERON DAWSON, | ) |
| Petitioner, | ) |
| v. | ) No. 09-3218 |
| UNITED STATES OF AMERICA, | ) |
| Respondent. | ) |

OPINION

JEANNE E. SCOTT, U.S. District Judge:

This cause is before the Court on Petitioner Ammeron Dawson's Motion to Vacate, Set Aside, or Correct Sentence Under 28 U.S.C. § 2255 (Petition) (d/e 1). The Court previously entered an Opinion dismissing all of Petitioner's claims except his contention that he was denied his Sixth Amendment right to effective assistance of counsel. Opinion of November 17, 2009 (d/e 7). Pursuant to that Opinion, on January 28, 2010, the Court held an evidentiary hearing on the ineffective assistance of counsel issue. See Minute Entry of January 28, 2010. For the reasons discussed below, the Court denies the Petition as it relates to this claim.

1

# FACTS

The facts of this case are set forth in greater detail in the Court's November 17, 2009, Opinion. See Opinion dated November 17, 2009. For purposes of this Opinion, Petitioner claims that he was denied effective assistance of counsel in contravention of the Sixth Amendment when his attorney, Robert Scherschligt, did not file a notice of appeal after this Court sentenced Petitioner to a 130-month term of imprisonment on August 11, 2008. See Petition; United States v. Dawson, 08-30010, Minute Entry of August 11, 2008. Petitioner had entered an open plea of guilty and so had not waived his right to appeal. Petitioner alleges that he specifically asked Scherschligt to file a notice of appeal and that Scherschligt did not file the notice. An attorney's failure to appeal after a specific instruction by his client to do so constitutes per se ineffective assistance of counsel. See Kafo v. United States, 467 F.3d 1063, 1066 n.7 (7th Cir. 2006); Castellanos v. United States, 26 F.3d 717, 719 (7th Cir. 1994). This Court held an evidentiary hearing to determine the issues surrounding the lack of notice of appeal in Petitioner's underlying criminal case.

Petitioner testified at the hearing, and stated that after his sentencing hearing in 2008, Scherschligt did not counsel him on the advantages and

disadvantages of an appeal. Petitioner testified that he initiated a collect telephone call to Scherschligt approximately one week after his sentencing hearing, and asked if Scherschligt would file an appeal on Petitioner's behalf. According to Petitioner, Scherschligt told Petitioner that there was nothing Petitioner could do but serve his time, enroll in a drug program, and stay out of trouble. Scherschligt did not file a notice of appeal.

Scherschligt also testified at the hearing. He stated that he had been an assistant federal public defender for two years, and that he was familiar with a criminal defendant's right to appeal and the time frame for filing a notice of appeal. Scherschligt said that he told Petitioner prior to his sentencing hearing what sentence Scherschligt would recommend to the Court, and that if the Court imposed a sentence within the U.S. Sentencing Guidelines range, an appeal to the U.S. Court of Appeals for the Seventh Circuit would be without merit because the Seventh Circuit views such sentences as presumptively reasonable. Scherschligt testified that after Petitioner's sentencing hearing, he explained to Petitioner that the sentence he had received was at the low end of the Guidelines range, and that Scherschligt did not believe that an appeal would be meritorious. Petitioner did not ask him to file a notice of appeal at that time, but if he had,

Scherschligt stated that he would have done so immediately, as was his practice with other clients.

When Scherschligt returned to his office after Petitioner's sentencing hearing, he followed his normal practice of writing a memo to the file explaining what sentence Petitioner had received. Scherschligt stated that his office closes out a file when no appeal is filed; if a defendant later contacts the office and requests that a notice of appeal be filed, a new file with a new file number is created. Petitioner's case was closed, and no new file was opened on his behalf. Scherschligt could not remember whether Petitioner contacted him by telephone after the sentencing hearing, but stated that he was certain Petitioner had not asked him to file a notice of appeal because if he had, Scherschligt would have filed the notice.

The Court finds that Scherschligt was a credible witness. He has been an assistant federal public defender for two years and has previously filed notices of appeal in cases where his clients have requested him to do so, even when he believed that the appeal was without merit. Scherschligt testified that he advised Petitioner of his right to appeal prior to his sentencing hearing and immediately after his sentencing hearing, and told Petitioner that because the Seventh Circuit finds presumptively reasonable

any sentence within the Guidelines range, an appeal would likely be unsuccessful. Scherschligt followed his standard practice of writing a memo to the file, which memo did not indicate that Petitioner had requested an appeal be filed and closed out Petitioner's file. Scherschligt stated that Petitioner did not ask him to file a notice of appeal, and the Court believes Scherschligt's statement.

Counsel for Petitioner argues that, under Roe v. Flores-Ortega, 528 U.S. 470 (2000), and Nunez v. United States, 546 F.3d 450 (7th Cir. 2008), an attorney for a criminal defendant has an affirmative obligation to file a notice of appeal on behalf of his client if an appeal would not be detrimental, irrespective of whether the client requests that an appeal be filed. The Government argues that Petitioner's reading of these cases is overly broad.

In Roe v. Flores-Ortega, the United States Supreme Court held that defense counsel has a constitutional obligation to advise the defendant of his appellate rights "when there is reason to think either: (1) that a rational defendant would want to appeal (for example, because there are nonfrivolous grounds for appeal), or (2) that this particular defendant reasonably demonstrated to counsel that he was interested in appealing."

5

Flores-Ortega, 528 U.S. at 480. The Supreme Court also determined that filing a notice of appeal is a "purely ministerial task, and the failure to file reflects inattention to the *defendant's wishes*." Id. at 477 (emphasis added).

The Seventh Circuit in Nunez stated that "when counsel frustrates [the right to appellate review] by failing to appeal *on his client's request*, counsel's performance is automatically ineffective." Nunez, 546 F.3d at 454 (emphasis added). However, "'[r]equest' is an important ingredient in this formula. A lawyer need not appeal unless the client wants to pursue that avenue. . . . Only a failure to appeal a judgment that the defendant desires to appeal is problematic." Castellanos, 26 F.3d at 719. When the defendant does not instruct his attorney to file a notice of appeal, the attorney's failure to do so does not constitute per se ineffective assistance of counsel. Oliver v. United States, 961 F.2d 1339, 1342 (7th Cir. 1992).

It is clear, then, that Flores-Ortega and Nunez do not stand for the proposition that defense counsel has an affirmative constitutional obligation to file a notice of appeal on behalf of a criminal defendant who, having been advised of his appellate rights, does not instruct his attorney to take an appeal. As discussed above, the Court credits Scherschligt's statements that he advised Petitioner of his appellate rights both before and after the

6

sentencing hearing, and that Petitioner did not ask him to file a notice of appeal. Scherschligt, therefore, had no obligation to file a notice of appeal on Petitioner's behalf. See Castellanos, 26 F.3d at 719. Accordingly, Petitioner was not denied his Sixth Amendment right to effective assistance of counsel, and the Court denies his claim.

Pursuant to Rule 11 of the Rules Governing Section 2255 Cases, the Court now considers whether it should issue the Petitioner a Certificate of Appealability (COA). A federal district court should issue a COA only if "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A § 2255 petitioner must demonstrate that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" Slack v. McDaniel, 529 U.S. 473, 484 (2000) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 n.4 (1983)). Rule 11 allows a court to have the parties "submit arguments on whether a certificate should issue." See Rules Governing Section 2255 Cases, Rule 11. In this case, the Court finds that such a step is unnecessary.

No reasonable jurist could debate that claims raised in the Petition are

7

without merit.  Specifically, no reasonable jurist could find that the Court lacked jurisdiction over Petitioner's criminal case because his controlled substance offense involved only .4 gram of cocaine base; the Controlled Substance Act does not require a minimum amount of controlled substance to establish a violation.  21 U.S.C. §§ 841(a)(1) & (b)(1)(C).  Nor could a reasonable jurist find that Petitioner's constitutional rights were violated when he was held accountable for 120.57 grams of cocaine base at sentencing, because the Court sentenced Petitioner below the statutory maximum, making <u>Apprendi v. New Jersey</u>, 530 U.S. 466 (2000), inapplicable.  <u>See</u> <u>Apprendi</u>, 530 U.S. at 490; <u>United States v. Gilmer</u>, 534 F.3d 696, 704 (7th Cir. 2008).  Finally, as discussed above, no reasonable jurist could find that Petitioner's counsel was ineffective for not filing a notice of appeal when Petitioner did not ask him to do so.  In summary, Petitioner has not met his burden under <u>Slack v. McDaniel</u>, and accordingly the Court denies Petitioner a COA.

THEREFORE, Petitioner's ineffective assistance of counsel claim contained in his Motion to Vacate, Set Aside, or Correct Sentence Under 28 U.S.C. § 2255 (d/e 1) is DENIED.  The Court likewise denies Petitioner a certificate of appealability.  All pending motions are DENIED as MOOT.

This case is closed.

IT IS THEREFORE SO ORDERED.

ENTER: February 2, 2010

FOR THE COURT:

s/ Jeanne E. Scott
JEANNE E. SCOTT
UNITED STATES DISTRICT JUDGE